**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J&J Sports Productions, Inc., | No. CV15-0380 PHX DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| v. | |
| Margarita R. Molina, et al., | |
| Defendants. | |

Plaintiff has filed a motion for default judgment against all Defendants. Doc. 18. The Court will grant the motion.

**I.    Background.**

Plaintiff owned the exclusive nationwide commercial distribution rights to a program entitled *"Toe to Toe": Saul Alvarez v. Alfredo Angulo Light Middleweight Championship Fight Program. Id.*, ¶ 16. The program aired on March 8, 2014. *Id.* Plaintiff claims that Defendants intercepted the program and displayed it to the public at La Rubia Y La Morena, a bar or restaurant. Plaintiff filed suit on March 3, 2015, seeking relief for Defendants' violations of the Communications Act of 1934 (47 U.S.C. § 605 *et seq.*) and the Cable and Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 553 *et seq.*). Doc. 1 at 1-2. Plaintiff served Defendants, who have not answered or otherwise responded to the complaint. On May 8, 2015, the Clerk entered default against Defendants. Doc. 16. Plaintiff filed the motion for default judgment on June 8, 2015. Doc. 18. No response to the motion has been filed.

## II. The Motion for Default Judgment.

Once a party's default has been entered, the district court has discretion to grant default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the court may consider in deciding whether to grant default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72. In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### A. Possible Prejudice to Plaintiff.

The first *Eitel* factor weighs in favor of granting Plaintiff's motion. Plaintiff served process on Defendants on April 14, 2015. Docs. 13, 14. Defendants have not answered the complaint or otherwise appeared in this action. If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B. The Merits of Plaintiff's Claims and the Sufficiency of the Complaint.

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief. *See PepsioCo, Inc.*, 238 F. Supp. 2d at 1175. Plaintiff seeks relief under 47 U.S.C. § 605.[1] "[T]o be held liable for a violation of section 605, a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff." *Nat'l Subscription Television v. S & H TV*,

---

[1] In the complaint, Plaintiff also sought relief under 47 U.S.C. § 553. In the motion, however, Plaintiff clarifies that it is now seeking relief only under section 605. Doc. 18-1 at 7.

- 2 -

644 F.2d 820, 826 (9th Cir. 1981).  Section 605 applies to satellite television signals. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008).  Plaintiff has alleged that Defendants willfully intercepted and displayed the licensed program on March 8, 2014. Doc. 1, ¶¶ 15-21.  Plaintiff's allegations are supported by the affidavits of two investigators who visited La Rubia y La Morena and saw the program being displayed on television screens.  Doc. 18-3.  One of these investigators noted that approximately forty patrons were watching the program on four television screens.  *Id.* at 7.  Plaintiff has stated a claim for a willful violation of section 605.[2]  The second and third factors favor a default judgment.

### C.  The Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct.  Plaintiff seeks damages of $23,000.  Doc. 18 at 3. .

### D.  Possible Dispute Concerning Material Facts.

Given the sufficiency of the complaint and Defendant's default, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion."  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

### E.  Whether Default Was Due to Excusable Neglect.

Plaintiff properly served Defendants with the summons and complaint.  Docs. 13, 14.  It therefore is "unlikely that [Defendants'] failure to answer and the resulting default [were] the result of excusable neglect."  *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

### F.  The Policy Favoring a Decision on the Merits.

"Cases should be decided upon their merits whenever reasonably possible."  *Eitel*,

---

[2] Although Plaintiff does not allege the precise means of transmission, this does not preclude recovery.  *See, e.g., J & J Sports Prods., Inc. v. Barrio Fiesta of Manila Rest. LLC*, No. CV 11-2216-PHX-JAT, 2012 WL 2919599, at *1 n.2 (D. Ariz. July 17, 2012); *J & J Sports Prods., Inc. v. Aguilera*, No. 09-CV-4719, 2010 WL 2362189, at *2 (N.D. Ill. June 11, 2010).

782 F.2d at 1472. But the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (quotation marks and citation omitted). Moreover, Defendants' failure to answer or otherwise respond to the complaint "makes a decision on the merits impractical, if not impossible." *Id.* The Court therefore is not precluded from entering default judgment against Defendants. *See id.*; *Gemmel*, 2008 WL 65604, at *5.

### G. Conclusion

Six of the seven *Eitel* factors favor default judgment, and one factor is neutral. The Court concludes that default judgment is appropriate.

## III. Damages.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560. "A default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997).

Plaintiff does not seek actual damages, but rather statutory damages under 47 U.S.C. § 605. Under this statute, "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just[.]" *Id.* § 605(e)(3)(C)(i)(II). The statute further states that when a violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." *Id.* § 605(e)(3)(C)(ii). In assessing statutory damages, the Court is mindful of the need to deter piracy of licensed shows, as well as the importance of not putting restaurants or bars out of business for a single violation. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999)

Plaintiff requests $5,000 in statutory damages, as well as $18,000 in enhanced statutory damages. The requested damages are reasonable. Defendants pirated the program and displayed it to approximately forty patrons. Doc. 18-3 at 8. Courts have awarded comparable amounts in similar circumstances. *See Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc.*, 920 F. Supp. 2d 659, 667-69 (E.D. Va. 2013) (awarding $4,000 in statutory damages and $27,000 in enhanced damages for displaying a pirated show for approximately 40 patrons); *J & J Sports Prods., Inc. v. McCausland*, No. 1:10-CV-01564-TWP, 2012 WL 113786, at *3-4 (S.D. Ind. Jan. 13, 2012) (awarding $10,000 in statutory damages and $30,000 in enhanced damages for displaying a pirated show for approximately 15 patrons). The Court will grant default judgment in the amount of $23,000.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 18) is **granted**.
2. Default judgment is entered in favor of Plaintiff and against Defendants Margarita R. Molina, individually and d/b/a La Rubia Y La Morena, as well as Grupo Molna, LLC, an unknown business entity d/b/a La Rubia Y La Morena. The default judgment is granted against Defendants for a violation of 47 U.S.C. § 605 in the amount of $23,000.

Dated this 17th day of July, 2015.

David G. Campbell
United States District Judge